UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>                 Plaintiff,<br><br>         v.<br><br>D. W.,<br><br>                 Defendant. | Case No.  16-cv-04350-HSG<br><br>**ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM AS TO DEFENDANT D.W.**<br><br>Re: Dkt. No. 10 |

Before the Court is the petition for appointment of guardian ad litem filed by Defendant-Counterclaimant D.W. and Counterclaimants Gregory Wald and Ingrid Sigarreta.  Dkt. No. 10 ("Pet.").  Counterclaimant Wald, D.W.'s parent, seeks appointment as guardian ad litem because D.W. is an unrepresented minor.  Plaintiff Tamalpais Union High School District ("Plaintiff") has not opposed the petition.  For the reasons set forth below, the Court **GRANTS** the petition.

I.      **BACKGROUND**

Plaintiff appeals the decision of an administrative law judge ("ALJ") from the California Office of Administrative Hearings ("OAH").  Dkt. No. 1.  Counterclaimants Wald and Sigarreta, Defendant D.W's parents, initiated the administrative proceeding in an attempt to receive funding from Plaintiff for D.W.'s placement in a private, special education facility.  *Id.* ¶¶ 24-27.  The ALJ denied funding for the 2014-15 school year, but awarded funding for the 2015-16 school year.  *Id.* ¶¶ 28-30.  Plaintiff seeks reversal of the 2015-16 award.  *Id.*, Prayer.  After Plaintiff filed this suit, Defendants answered and counterclaimed for reimbursement of the 2014-15 school year costs as well as transportation costs incurred during the 2015-16 school year.  Dkt. No. 9 ¶¶ 20-22.

Counterclaimants now petition for the Court to appoint Wald, D.W.'s parent, as a guardian ad litem for Defendant D.W. because he is an unrepresented minor.  Pet. at 2-3.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 17(c) provides that a court must appoint a guardian ad litem or issue another appropriate order to protect a minor who "does not have a duly appointed representative" in an action.  A minor is unrepresented within the meaning of Rule 17(c) if he or she does not have a "duly appointed" general guardian, committee, conservator, or like fiduciary. *Id.*  Even where a minor is unrepresented, "the court has broad discretion and need not appoint a guardian ad litem if it determines the person is or can be adequately protected," but "it is under a legal obligation to consider whether the person is adequately protected."  *U.S. v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986); *accord Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

Generally, in this district, "a parent who is also a party to the lawsuit is presumed to be a suitable representative, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion."  *Brown v. Alexander*, No. 13-CV-01451, 2015 WL 7350183, at *1 (N.D. Cal. Nov. 20, 2015) (citing *Bhatia v. Corrigan*, No. C 07-2054 CW, 2007 WL 1455908, at *1 (N.D. Cal. May 16, 2007)).  "When a parent has an actual or potential conflict of interest with his child, however, the parent has no right to control or influence the child's litigation."  *Id.* (quotation marks and citation omitted).

## III.    DISCUSSION

The Court now considers whether the appointment of a guardian ad litem is appropriate in this action.  As an initial matter, based on the record before it, the Court finds that D.W. is an unrepresented minor.  *See* Dkt. No. 1 ¶ 4 (alleging that D.W. is a minor); Dkt. No. 9 at 2 (same). There is also no evidence that D.W. has been appointed a general guardian or other representative. Taken together, those determinations require the Court to consider under Federal Rule of Civil Procedure 17(c) whether D.W. is adequately protected in this litigation without a guardian ad litem or some other form of protection.  *See 30.64 Acres of Land*, 795 F.2d at 805.  Although D.W's parents have appeared as counterclaimants, the Court finds in its discretion that D.W. would not be adequately protected as a defendant unless he is expressly represented by a guardian ad litem. *See Dean v. City and Cnty. of San Francisco*, No. C-05-01876, 2006 WL 824336, at *1 (N.D. Cal.

United States District Court
Northern District of California

Mar. 28, 2006) (appointing parent as guardian ad litem for minor named as a party).  Furthermore, the nature of the complaint and counter-complaint evince no actual or potential conflicts of interest between D.W. and Wade.  Accordingly, the Court **GRANTS** Counterclaimants' petition.

## IV.     CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Counterclaimants' petition for appointment of Counterclaimant Greg Wald as guardian ad litem for Defendant D.W.


**IT IS SO ORDERED.**

Dated:  8/31/2016


HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

3