1  Susan Foley, Esq., SBN 234319
   Law Offices of Susan Foley
2  1169 Chess Drive, Suite C
   Foster City, CA  94404
3  Tel:  (650) 345-2300
   Fax:  (650) 345-2302
4  susanfoley@aol.com

5  Attorney for Defendants/Counter-Complainants
   D.W., a minor, *et al.*
6
   FAGEN FRIEDMAN & FULFROST, LLP
7  Lenore Silverman, SBN 146112
   lsilverman@f3law.com
8  Kimberly A. Smith, SBN 176659
   ksmith@f3law.com
9  David R. Mishook, SBN 273555
   dmishook@f3law.com
10 70 Washington Street, Suite 205
   Oakland, CA  94607
11 Phone: 510-550-8200
   Fax: 510-550-8211
12
   Attorneys for TAMALPAIS UNION HIGH
13 SCHOOL DISTRICT

14

**UNITED STATES DISTRICT COURT**

15

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

16

17

| | |
|---|---|
| TAMALPAIS UNION HIGH SCHOOL DISTRICT, a local educational agency,<br><br>        Plaintiff and Counter-Defendant,<br><br>    vs.<br><br>D.W., a minor, *et al.*<br><br>        Defendant and Counter-Complainants. | Case No.:  3:16-CV-04350-HSG<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

25

26  / / /

27  / / /

28  / / /

The undersigned counsel, having met and conferred in accordance with Federal Rules of Civil Procedure 16(a), 16(b) and 26(f), Civil Local Rule 16-10, and this Court's Standing Order on Case Management Conferences, hereby submit this Joint Case Management Conference Statement.

## 1. JURISDICTION AND SERVICE

This Court has federal subject matter jurisdiction over the case.  20 U.S.C. § 1331.  There are no issues related to jurisdiction, venue, or service.

## 2. FACTS

This case is an original action on appeal of a California State administrative proceeding before the California Office of Administrative Hearings ("OAH"), under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1401 *et seq.*  Plaintiff and Counter-Defendant Tamalpais Union High School District ("District") filed an action in this court for *de novo* review of the state hearing officer's holding that the District denied Defendant and Counter-Claimant D.W. ("Student") an offer of a free appropriate public education ("FAPE") during the 2015-2016 school year.  Counter-Claimants D.W. and his parents, Gregory Wald and Ingrid Sigaretta (together "Defendants") have filed a counter-claim seeking judicial review in this Court of those aspects of the OAH decision which determined that FAPE had been offered for the 2014-2015 school year.

On April 18, 2016, Student, through his parents and *Guardian ad Litem* in this action, filed a state administrative "due process" proceeding alleging that the District had failed to offer Student a FAPE for the 2014-2015 and 2015-2016 school year.  Student, is 16-years old and lives in the jurisdictional boundaries of the District.  Since third grade, except for a brief time that Student attended Stern School, a private school, Student has been unilaterally placed by his parents at Stanbridge Academy ("Stanbridge").

Student  matriculated into the District (a high-school only school district) for his ninth grade year.  In April 2014, prior to that matriculation, the District proposed to assess Student in

the areas of academic achievement, cognitive development/learning ability and speech and language in order to determine Student's needs prior to his transition to high school and develop an individualized educational program ("IEP") for the 2014-2015 school year.

Following these assessments, on June 3, 2014, the District convened a triennial IEP meeting. As a result of this meeting, the District offered Student placement in a general education program at the District's Redwood High School, one period per day of resource specialist (special education) support, and one 45 minute session per week of individual and group speech and language therapy.

Student's parents did not sign consent to the June 3, 2014, IEP. Rather Student's parents provided the District with a 10-day notice of unilateral placement at Stern School and requested funding of that placement. The District denied funding in a prior written notice ("PWN"). Student attended Stern School in fall 2014 before being transferred back to Stanbridge in November for the remainder of the school year. Student's parents provided the District with a 10-day notice of unilateral placement at Stanbridge and requested funding of that placement. The District denied funding as well in a PWN.

In March 2015, the District requested that it be able to reassess Student's needs and Student's parents consented. The District's re-assessment in 2015 concluded that Student had made progress at his unilateral placement on goals proposed by the District in the June 3, 2014, IEP.

Student's IEP team met on May 21, 2015, to develop a District IEP offer for the 2015-2016 school year. Student was offered placement at Sir Francis Drake High School in special day classes for English, history, math and academic workshop and general education classes for science, physical education and elective. The May 21, 2015, IEP also continued to offer 45 minutes of group and individual speech and language services.

In June 2015, Student's parents refused the District's IEP offer and again requested reimbursement for Student's private Stanbridge placement. This request was denied in a PWN from the District

On April 18, 2016, Student initiated a special education due process proceeding with

1  OAH. Student alleged the District's offers of 2014-2015 and 2015-2016 were not offers of a
2  FAPE for DW, based on the issues raised in his Request for Hearing that included, but, was not
3  limited to the district's failure to assess DW's mental health needs.
4      Following a three day evidentiary hearing, OAH issued its decision on July 8, 2016. In
5  that decision, OAH held that Student had met his burden of proving the IEP offer of May 21,
6  2015, was a denial of an offer of a FAPE with regard to the 2015-2016 school year but not with
7  regard to the 2014-2016 school year.
8
9  **3.   LEGAL ISSUES**
10      The District alleges that OAH, in holding that the District failed to conduct a mental health
11  examination, ignored that the District *had* evaluated Student's mental health in both 2014 and
12  2015 and that the holding, further, violates the "snapshot rule" of review of local educational
13  agency decisions. The District further alleges that OAH employed an overly narrow and strict
14  reading of *Union School Dist. v. Smith*, 15 F.3d 1519 (9th Cir. 1994), in holding that the District's
15  speech and language services offer was insufficiently clear. Then, having done so, the District
16  contends OAH's remedy of one full-year of tuition reimbursement was inequitable and an abuse of
17  discretion.
18      Defendants do not agree that the district evaluated DW's mental-health needs prior to the
19  June, 2014, IEP offer and the May, 2015, offer.
20      Defendants allege that Student proved at hearing that he was denied an offer of FAPE for
21  the 2014-2015 and 2015-2016 school years based on prevailing case law and statute.
22
23  **4.   MOTIONS**
24      The appeal of the due process proceeding should proceed before the Court on cross-
25  motions for summary judgment. The Court is to decide this appeal on the administrative record
26  plus any additional evidence which the parties may propose as supplementary evidence subject to
27  a motion to supplement the record. The District is currently evaluating whether it wishes to
28  submit supplementary evidence.

The parties anticipate a motion to file the administrative record under seal.

Defendants do not believe it is necessary, at this time, to supplement the record.

**5.   AMENDMENT OF THE PLEADINGS**

The parties do not anticipate any amendments of the pleadings.

**6.   EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and will take necessary steps to preserve information.

**7.   DISCLOSURES**

As an appeal of an administrative decision, the parties are exempt from initial disclosures.

**8.   DISCOVERY PLAN (Rule 26(F))**

The parties do not anticipate any discovery in this action.  To the extent it is necessary, the parties will utilize the Court's standard Stipulated Protective Order to ensure the confidentiality of any student records.

**9.   CLASS ACTIONS**

This is not a class action.

**10.   RELATED CASES**

There are no related cases.  There is a current compliance action before the California Department of Education which is partially stayed by this Court.

**11.   RELIEF SOUGHT**

Both parties seek orders reversing those portions of the OAH decision in which that party did not prevail.  Defendants seek affirmation of the order of compensation for Student's unilateral

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211

placement for the 2015-2015 school year, *additur* as to the transportation costs associated with the school year and reversal of the ALJ's decision that the district offered a FAPE for the 2014-2015 school year.  Defendant will seek attorney-fees pursuant to the IDEA and the California Education Code for prevailing on this case so that he will have received a free, appropriate public education.

## 12. SETTLEMENT AND ADR

Defendants desire an expedited briefing schedule on the merits in this Court.

The District does not object to seeking a reasonable briefing schedule with a hearing date as soon as is practicable.  However, for the District, an advanced briefing schedule would preclude meaningful and economical engagement with the ADR process.

Defendants do not believe an expedited briefing schedule precludes mediation.

## 13. CONSENT TO MAGISTRATE JUDGE

This matter was directly assigned to this Court.

## 14. OTHER REFERENCES

At this time, the Parties do not believe that this case is suitable for arbitration or for reference to a special master or the Judicial Panel on Multi-District Litigation.

## 15. NARROWING OF THE ISSUES

This case will be resolved at this level through cross-motions for summary judgment.

## 16. EXPEDITED TRIAL PROCEDURE

The Parties do not believe this case should be subject to the expedited trial procedure.

Defendants advocate for an expedited briefing schedule.

## 17. SCHEDULING

The Parties have been unable to agree to a briefing schedule in this case.

District proposes the following schedule, which it believes provides the Parties with sufficient time to adequately review the administrative record and brief the issues while allowing for an expeditious hearing:

| | |
|---|---|
| Hearing on Motion to Supplement Administrative Record (if necessary) | November 24, 2016 |
| *Motion Due* | *November 1, 2016* |
| *Opposition* | *November 14, 2016* |
| *Reply* | *November 18, 2016* |
| Cross-Motions for Summary Judgment Hearing | January 26, 2017 |
| *Cross-Motions Due* | *December 16, 2016* |
| *Oppositions Due (no Replies)* | *January 6, 2016* |
| Motion for Attorneys' Fees | TBD |

Defendants' proposal:

Hearing as to the Cross Motions for Summary Judgment to be held at the court's convenience prior to December 31, 2016, with a briefing schedule that accommodates a hearing in December.

## 18. **TRIAL**

The Parties do not anticipate a trial in this matter.

## 19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties certify that there are not any persons, associations, firms, partnerships, corporations, or other entities that (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in the party that could be substantially affected by the outcome of this proceeding.

## 20. **PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

DATED: October 4, 2016  FAGEN FRIEDMAN & FULFROST, LLP

By:    /s/ David Mishook
    David Mishook
    Attorney for TAMALPAIS UNION HIGH SCHOOL DISTRICT

DATED: October 6, 2016

By:    /s/Susan Foley
    Susan Foley, Esq.
    Attorney for Defendant and Cross-Complainants D.W., a minor, *et al.*

00250-00177/3344653.1

Fagen Friedman & Fulfrost, LLP
70 Washington Street, Suite 205
Oakland, California 94607
Main: 510-550-8200 • Fax: 510-550-8211