UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. W.,<br><br>    Defendant. | Case No. 16-cv-04350-HSG<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Defendant D.W.'s motion for attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). *See* Dkt. No. 63.

On September 21, 2017, the Court denied the parties' cross-motions for summary judgment seeking review of the administrative law judge's decision and affirmed the ALJ's decision in its entirety. *See* Dkt. No. 55 at 28. The Clerk entered judgment that same day. *See* Dkt. No. 56.

D.W. brought a motion for attorney's fees on February 27, 2018, more than five months after the entry of judgment. *See* Dkt. No. 57. But the Federal Rules of Civil Procedure require that a motion for attorney's fees be filed within 14 days after the entry of judgment, unless a statute or court order modifies that deadline. *See* Fed. R. Civ. P. 54(d)(2). This 14-day time limit is "not jurisdictional." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (internal quotation omitted). However, "[f]ailure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007) (citing *Kona Enterprises, Inc.*, 229 F.3d at 889–90).

The Court will give counsel for D.W. the opportunity to make a "compelling showing of

good cause" as to why the motion for attorney's fees should not be denied for failure to comply with Rule 54(d)(2). The Court finds that the rule's 14-day time limit applies to this action, and rejects D.W's arguments to the contrary. Accordingly, counsel is **ORDERED** to file by December 28, 2018 a statement of five pages or less establishing a "compelling showing of good cause" for failure to file within the statutory time period. The statement should be supported by a declaration to the extent counsel relies on factual representations. The matter will remain submitted once the statement is filed, unless the Court orders otherwise. Failure to timely submit the statement will result in denial of the motion for failure to comply with Rule 54, without further notice.

**IT IS SO ORDERED.**

Dated: 12/6/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge