UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. W.,<br><br>    Defendant. | Case No. 16-cv-04350-HSG<br><br>**ORDER TO MEET AND CONFER REGARDING FEE REQUEST**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Defendant D.W.'s motion for attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). *See* Dkt. No. 63.

On September 21, 2017, the Court denied the parties' cross-motions for summary judgment seeking review of the administrative law judge's decision and affirmed the ALJ's decision in its entirety. *See* Dkt. No. 55 at 28. The Clerk entered judgment that same day. *See* Dkt. No. 56.

D.W. brought a motion for attorney's fees on February 27, 2018, more than five months after the entry of judgment. *See* Dkt. No. 57. But the Federal Rules of Civil Procedure require that a motion for attorney's fees be filed within 14 days after the entry of judgment, unless a statute or court order modifies that deadline. *See* Fed. R. Civ. P. 54(d)(2). This 14-day time limit is "not jurisdictional." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889 (9th Cir. 2000) (internal quotation omitted). However, "[f]ailure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007) (citing *Kona Enterprises, Inc.*, 229 F.3d at 889–90).

On December 6, 2018, the Court gave counsel for D.W. an opportunity to make a

"compelling showing of good cause" for why she failed to bring her motion for attorney's fees within the statutory time period. *See* Dkt. No. 69. Counsel explained that she had believed the statute of limitations was based on an analogous state action, rather than Rule 54, citing *Meridian Joint School District No. 2 v. D.A.*, 792 F.3 1054 (9th Cir. 2015). *See* Dkt. No. 70 at 1–2. In addition, counsel explained that she is a sole practitioner and had "a number of clients . . . that required her immediate attention" at the time judgment was entered. *Id.* at 3. Counsel requested that her late application be considered excusable neglect. *Id.* at 3–5.

The Court finds that counsel for D.W. has made a sufficiently compelling showing of good cause as to why the motion for attorney's fees was made more than 14 days after entry of judgment. Accordingly, the Court will exercise its discretion to allow D.W.'s claim for fees to move forward. *See In re Veritas*, 796 F.3d at 974 (noting that whether to allow late fee request "is a decision committed to the discretion of the district court").

However, rather than adjudicate the individual line items of D.W.'s request for attorney's fees and costs at this time, the Court will give the parties one more opportunity to come to an agreement on the proper amount of fees and costs. To that end, the Court **ORDERS** the parties to meet and confer regarding D.W.'s request, in the hope that they can come to a negotiated agreement. If the parties do not submit a statement by February 15 that they have reached an agreement, the Court will review D.W.'s and the District's submissions, determine the appropriate amount of fees and costs, and order the District to pay them.

**IT IS SO ORDERED.**

Dated: 2/1/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge

2