UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMALPAIS UNION HIGH SCHOOL DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>D. W.,<br><br>    Defendant. | Case No. 16-cv-04350-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 63 |

Pending before the Court is Defendant D.W.'s amended motion for attorney's fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3). *See* Dkt. No. 63.[1] For the following reasons, the Court **GRANTS** the motion, but finds that the appropriate fee award is $31,362.50.

## I. BACKGROUND

### A. Legal Framework of IDEA

IDEA provides states with special education funding that is conditional upon creating rules, regulations, and policies that conform to the purposes and requirements of the federal statute. *See* 20 U.S.C. §§ 1407, 1411–13; *see also Honig v. Doe*, 484 U.S. 305, 310 (1988) (describing structure of the Education of the Handicapped Act, the predecessor of IDEA). In California, those rules are found in the California Education Code §§ 56500, *et seq.* and Title 5 of the California Code of Regulations §§ 3000, *et seq. See Porter v. Bd. of Trs. of Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1066–67 (9th Cir. 2002). States that receive funding under IDEA are required to provide all disabled children with a "free appropriate public education," or

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

FAPE. *See* 20 U.S.C. § 1411(d). In large part, this means that every disabled child must receive an appropriate "special education" along with "related services" "at public expense." *Id.* § 1401(9). And school districts must "develop" an individualized educational program, or IEP, "for each child with a disability." *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 524 (2007) (citing 20 U.S.C. §§ 1412(a)(4), 1414(d)).

"When a party objects to the adequacy of the education provided, the construction of the IEP, or some related matter, IDEA provides procedural recourse: It requires that a State provide '[a]n opportunity for any party to present a complaint . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child.'" *Winkelman*, 550 U.S. at 525 (quoting 20 U.S.C. § 1415(b)(6)). By presenting a complaint, a party can pursue a process of review that begins with an informal preliminary meeting. 20 U.S.C. § 1415(f)(1)(B)(i)(IV). If the complaint is not resolved "to the satisfaction of the parents within 30 days," *id.* § 1415(f)(1)(B)(ii), they may request an "impartial due process hearing" to be conducted either by the school district or by the state educational agency, *id.* § 1415(f)(1)(A). If the school district, rather than the state educational agency, conducts the due process hearing, then "any party aggrieved by the findings and decision rendered in such a hearing may appeal such findings and decision to the State educational agency." *Id.* § 1415(g)(1). Once the state agency has reached its decision, an aggrieved party may file suit in federal court: "[a]ny party aggrieved by the findings and decision made [by the hearing officer] shall have the right to bring a civil action with respect to the complaint." *Id.* § 1415(i)(2)(A); *see also* § 1415(i)(1) (providing general overview of IDEA's procedural safeguards).

**B. State Agency Proceedings**

On April 18, 2016, D.W.'s parents ("Parents") initiated a due process hearing before the California Office of Administrative Hearings ("COAH"), alleging that Tamalpais Union High School District ("Tamalpais" or "District") had denied D.W. a FAPE for the 2014–15 and 2015–16 school years, in violation of IDEA and the California Education Code. *See* Administrative

Record ("AR"), Dkt. No. 50 at 000002–03.[2] On July 8, 2016, after a three-day evidentiary hearing, the ALJ found that Tamalpais did not deny D.W. a FAPE for 2014–15 or 2015–16 by failing to offer sufficient special education services. *See* AR 000543 ¶¶ 6–12. But the ALJ found that Tamalpais denied D.W. a FAPE for the 2015–16 school year by failing to provide a mental health assessment, AR 000546 ¶¶ 19–20, and a sufficiently clear IEP offer for speech and language therapy, AR 000549–50 ¶¶ 32–33. As a remedy, the ALJ ordered Tamalpais to reimburse Parents for D.W.'s 2015–16 private school tuition and transportation costs, AR 000554 ¶¶ 11–12, as well as pay for an independent mental health evaluation, AR 000552 ¶ 5.

### C. Federal Court Review

Tamalpais filed a complaint in this Court on August 2, 2016, seeking review of the ALJ's decision. *See* Complaint, Dkt. No. 1. On September 8, the District moved to stay the ALJ's order pending resolution of the Court's review. *See* Dkt. No. 12. The Court held a hearing on September 19, *see* Dkt. No. 18, and granted in part and denied in part the motion on October 4, *see* Dkt. No. 24. The Court refused to stay enforcement of the mental health evaluation, finding that the District had failed to meet its burden to show a likelihood of success of prevailing on the merits. *See id.* at 16. But the Court stayed the award of reimbursement for private school tuition and transportation costs because all the preliminary injunction factors weighed in favored of Tamalpais. *See id.* at 17–21.

Tamalpais and D.W. filed cross-motions for summary judgment on February 6, 2017. *See* Dkt. Nos. 43, 44. On September 21, 2017, the Court denied each motion and affirmed the ALJ's decision in its entirety. *See* Dkt. No. 55 at 28. The Clerk entered judgment that same day. *See* Dkt. No. 56.

### D. D.W.'s Motion for Attorney's Fees

D.W. initially brought his motion for attorney's fees on February 27, 2018. *See* Dkt. No. 57. D.W. filed an amended motion for attorney's fees on March 21, 2018, *see* Dkt. No. 63 ("Mot."), which the Court clarified was the operative motion, *see* Dkt. No. 66. Tamalpais opposed

---

[2] For consistency, the Court refers to the AR by its original Bates number pagination, which appears in the lower right-hand corner of each page. The AR is filed under seal at Dkt. No. 50.

3

on April 11, *see* Dkt. No. 65 ("Opp."), and D.W. replied on April 17, *see* Dkt. No. 67 ("Reply").

On December 6, 2018, the Court gave D.W.'s counsel an opportunity to make a "compelling showing of good cause" for why she failed to bring her motion for attorney's fees within the 14-day statutory time limit. *See* Dkt. No. 69. Counsel explained that she had believed the statute of limitations was based on an analogous state action (rather than Rule 54) and that as a sole practitioner, she had other clients demanding her "immediate attention" at the time that judgment was entered. *See* Dkt. No. 70. The Court found that counsel for D.W. had "made a sufficiently compelling showing of good cause as to why the motion for attorney's fees was made more than 14 days after entry of judgment" and exercised its discretion to allow D.W.'s claim for fees to proceed. *See* Dkt. No. 71 at 2 (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 972 (9th Cir. 2007)). Further, the Court ordered the parties to meet and confer regarding the fee request to see if they could reach a negotiated agreement. *See* Dkt. No. 71 at 2. Because the parties have not indicated that they were able to reach an agreement, the Court will proceed to adjudicate D.W.'s motion for attorney's fees.

## II. LEGAL STANDARD

In an IDEA action, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B). *See also Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1117 (9th Cir. 2006) (explaining IDEA's fee-shifting provision). "Fees awarded . . . shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). "Under the Supreme Court's generous formulation of the term, plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1092 (9th Cir. 2017) (internal quotations omitted). The level of success a plaintiff achieves is relevant to determining the amount of fees that should be awarded. *See Aguirre*, 461 F.3d at 1121.

## III. DISCUSSION

D.W. asks the Court to award attorney's fees in the amount of $126,897.61 and costs in the

amount of $2,761.82 to his counsel, Susan Foley. *See* Declaration of Susan E. Foley ("Foley Decl."), Dkt. No. 63-1 ¶ 6. The District contends that the Court "should substantially reduce any fee award" because (1) counsel has failed to justify her hourly rate; (2) the fee statements "contain a number of highly questionable fee entries"; (3) D.W. seeks non-recoverable costs; and (4) the request "fails to account for [D.W.'s] degree of success." Opp. at 7. The Court begins with the District's fourth ground before discussing the others in the order presented.

**A. Degree of Success**

The District contends that D.W.'s fees must be "reduced to account for his limited degree of success," and asks the Court to reduce the fees awarded based on the administrative proceedings by "at least fifty percent" and deny all fees for litigation before this Court. Opp. at 14–15.

The "extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees," and "where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983); *see also Aguirre*, 461 F.3d at 1121 (holding that IDEA fee awards are governed by *Hensley*).

**i. Administrative Proceedings**

The District contends that D.W.'s request for fees from the proceeding before the COAH should be halved, because as to the three distinct issues raised by D.W., he "failed to prevail on the first issue, partially prevailed on the second issue, and prevailed on one of five sub-issues in the third issue." *See* Opp. at 14. Counsel does not respond directly to this argument in her Reply.

Counsel's degree of success for D.W. in the administrative proceedings was decidedly mixed. *See* Dkt. No. 55 at 6–7. For instance, the ALJ found that Tamalpais denied D.W. a FAPE for the 2015–16 school year by failing to provide a mental health assessment, AR 000546 ¶¶ 19–20, and a sufficiently clear IEP offer for speech and language therapy, AR 000549–50 ¶¶ 32–33. As a remedy for these violations, the ALJ ordered Tamalpais to reimburse Parents for D.W.'s 2015–16 private school tuition and transportation costs, AR 000554 ¶¶ 11–12, as well as pay for an independent mental health evaluation, AR 000552 ¶ 5. But the ALJ also found that Tamalpais

did not deny D.W. a FAPE for 2014–15 or 2015–16 by failing to offer adequate special education services. *See* AR 000543 ¶¶ 6–12.

Given counsel's "pervasive murkiness" throughout the proceedings, Dkt. No. 55 at 19, and D.W.'s mixed record of success in the administrative hearing, the Court finds that an award of 50% of the attorney's fees claimed for proceedings before the ALJ is fair. *Cf. J.C. v. Vacaville Unified Sch. Dist.*, No. CIV.S-05-0092FCDKJM, 2007 WL 112138, at *5 (E.D. Cal. Jan. 10, 2007) (awarding 40% of claimed fees where Plaintiff prevailed on two of five claims).

### ii. District Court Litigation

It was the District, not D.W., which filed a complaint for federal court review of the COAH proceeding. *See* Complaint. Thus, D.W. was forced to defend the results of the administrative proceeding (including the portions in which he prevailed). First, D.W. opposed the District's attempt to temporarily stay the ALJ's order, defeating the stay as to the mental health evaluation but not as to the reimbursements. *See* Dkt. No. 24. Second, on his motion for summary judgment, D.W. achieved an affirmance of the ALJ's order but failed to overturn portions of the order with which he disagreed. *See* Dkt. No. 55. The Court will review the fees claimed for each of these stages of the proceeding in turn.

With regards to the District's motion for preliminary relief, counsel achieved mixed results for her client, defeating the District's request for a stay on one of the ALJ's orders but losing on the other two issues. *See* Dkt. No. 24 at 16–21. From what the Court can piece together from Ms. Foley's vague billing entries, she claims 23.7 hours of work related to D.W.'s opposition to the District's motion. *See* Foley Decl. at 18 (ECF numbering). This number of hours is excessive, particularly given the lack of specificity in the billing entries and D.W.'s success on only one of the issues. *See* 20 U.S.C. § 1415(i)(3)(F)(iii). The Court finds that counsel is entitled to only 10 hours of fees for her partially successful work in opposition to the District's motion for a temporary stay.

On summary judgment, D.W. achieved an affirmance of the ALJ's order in its entirety, but the Court completely rejected his argument that the ALJ erred on several grounds. *See* Dkt. No. 55. Thus, D.W. is a prevailing party, but only as to the issues he defended on summary judgment,

and not as to those that he raised. *See Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1528 (9th Cir. 1994) (granting request for "attorneys fees incurred in defending" school district's appeal). Counsel's billing records lack detail, but from what the Court can decipher, counsel is claiming approximately 43.4 hours in connection with the motion for summary judgment. *See* Foley Decl. at 13–14 (ECF numbering). However, a reduction in fees is appropriate not only due to D.W.'s mixed success, but also because counsel's "shape-shifting and lack of clarity as to the nature of the claim being asserted have resulted in a muddled record and needless expenditure of resources by this Court, the ALJ and the parties." *See* Dkt. No. 55 at 23. Thus, after discounting both for D.W.'s partial success and the quality of advocacy, the Court finds that counsel is entitled to 15 hours of fees (approximately one-third of those claimed) for this portion of the district court litigation.

Further, given counsel's late-filed and poorly-documented fee request, the Court finds that no attorney's fees should be awarded for the preparation of the fee motion. Accordingly, the Court denies the request for all attorney's fees arising from the district court litigation other than the 10 hours it awarded in conjunction with the District's motion for a stay and the 15 hours awarded for the successful opposition to the District's motion for summary judgment.

### B. Counsel's Hourly Rate

D.W.'s counsel claims a rate of $325 per hour of work performed at the administrative level and $450 per hour for work performed before this Court. *See* Mot. at 4. The District contends that counsel "has simply not met her burden of proof supporting her dual rates" and that an hourly rate of between $300 and $325 for all work would be appropriate. Opp. at 9.

"Reasonable attorneys fees are to be calculated according to the prevailing market rates in the relevant community." *Sam K. v. Hawaii Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (internal quotation omitted). The moving party bears the burden of "produc[ing] satisfactory evidence of the prevailing market rates." *Id.* (internal quotation omitted). A district court "may consider the fees awarded by others in the same locality for similar cases" and may employ its "own knowledge of customary rates and [its] experience concerning reasonable and proper fees." *Id.* (internal quotation omitted). However, the opinions of other attorneys are not conclusive when

determining the prevailing market rate, particularly because attorneys may be self-interested in advocating for higher rates. *See id.*

Ms. Foley received her law degree in 2002 and was admitted to the State Bar of California in 2004. *See* Foley Decl. ¶ 9. Ms. Foley has "represented hundreds of disabled students" since being admitted to the bar as an attorney and her legal practice has been entirely focused on special education matters for the past decade. *See id.* ¶¶ 11–13. She has presented seminars and been retained as an expert witness. *See id.* ¶ 14. Ms. Foley submitted a declaration from Elizabeth Fitch Aaronson, a special education attorney who charges $300 per hour and who opined that Ms. Foley's rates were reasonable. *See* Declaration of Elizabeth Fitch Aaronson, Dkt. No. 63-2. In addition, Ms. Foley submitted a declaration from Gail Hodes, a special education attorney who charges $390 per hour and who opined that Ms. Foley's rates were reasonable. *See* Declaration of Gail Hodes, Dkt. No. 63-3. Ms. Hodes disclosed that in 2016, a court in this district awarded attorney's fees to her at the rate of $300 per hour and to her co-counsel at the rate of $410 per hour. *See id.* at 2.

The evidence Ms. Foley submitted demonstrates that the $325 per hour fee is a reasonable prevailing market rate for proceedings before the COAH. Ms. Foley has not explained why she should be entitled to a higher hourly rate for work performed before this Court. Nor has she presented any evidence of an attorney who was awarded fees at a rate as high as $450 per hour. Moreover, the claimed hourly rate would be unreasonable, given that "counsel's shape-shifting and lack of clarity as to the nature of the claim being asserted . . . resulted in a muddled record and needless expenditure of resources by this Court, the ALJ and the parties." *See* Dkt. No. 55 at 23. Therefore, the Court will apply the $325 per hour rate to all reimbursable work performed by Ms. Foley.

**C.  Individual Fee Entries**

First, the District contends that Ms. Foley "has failed to provide . . . any information regarding 'the manner in which time records were maintained.'" Opp. at 9 (quoting Civ. L.R. 54-5(b)(2)). Ms. Foley explained in a declaration attached to her Reply that she kept her billing records contemporaneously using a time sheet, and that the entries are later inputted into a billing

program. *See* Declaration of Susan Foley ("Foley Reply Decl."), Dkt. No. 67-1 at 1. The Court finds that Ms. Foley's declaration, though belated, is sufficient to meet the requirements of Local Rule 54-5(b)(2).

Second, the District objects to several specific billing entries as unreasonable because they are excessive or vague. *See* Opp. at 9–10. To begin, the Court has already determined which portions of the district court litigation are reimbursable, so it does not need to rule on the District's individual objections. The Court agrees with the District that the 2.3 hours Ms. Foley claimed for traveling to Marin County on June 12, 2016 to familiarize herself with the hearing site and calculate the driving time to the hearing, *see* Foley Reply Decl. at 2–3, is an unreasonable expense (particularly given the availability of services like Google Maps or Waze). Further, the Court denies the request for 2.9 hours for preparing the unsuccessful motion for additur, because counsel's failure to raise her claim for toll reimbursement was a mistake on her part and should not be reimbursed by the District. *See* Dkt. No. 28 at 28. The Court finds that other than these 5.2 hours, the remaining time entries for work related to the administrative hearing are reasonable and should be awarded.

Third, the District seeks to exclude the entirety of the 22.8 hours billed by Ms. Foley's paralegal at a rate of $195 per hour. *See* Opp. at 13. The Court agrees that the time entries for this unidentified paralegal's time to "attend hearing, assist attorney," *see* Foley Decl., are hopelessly vague and cannot be awarded.

### D. Recoverability of Costs

The District contends that the Court should disallow the entirety of the $2,782.72 in requested costs. *See* Opp. at 15. Counsel submitted billing statements with costs, check images, individual receipts, and handwritten notes in support of her claim for costs. *See* Foley Decl. at 15–45 (ECF numbering). It was the District, not Ms. Foley, that itemized and totaled up these "inscrutable" costs in a format that it is at least somewhat amenable to review. *See* Opp. at 16–17.

The use of the term "costs" in the IDEA "was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing parents in connection with an IDEA case—for example, travel and lodging expenses or lost wages due to time taken off

from work." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006). Rather, recoverable costs under the IDEA are limited to "the list set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court." *Id.* at 298. Section 1920 allows the taxation of costs for: (1) clerk and marshal fees; (2) fees for transcripts "necessarily obtained for use in the case"; (3) printing and witness fees; (4) fees for copying materials "necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. *See* 28 U.S.C. § 1920.

Most of the claimed costs (such as hotel and meal reimbursements) cannot even plausibly fit into any of the categories of costs that may be taxed under Section 1920 and the IDEA. And D.W. has done nothing to show that fees for transcripts and copying materials were necessary, as required by the statute. Accordingly, the Court denies the request for costs in its entirety.

## IV. CONCLUSION

In sum, the Court finds that $325 per hour is the prevailing rate, that counsel is entitled to one-half of the fees incurred during the administrative hearing and 25 hours of fees incurred before the district court, that 5.2 hours of fees should be excluded, that no paralegal fees have been justified, and that no costs will be awarded. Thus, the Court calculates the awardable attorney's fees as follows, based on the billing records submitted by Ms. Foley:

Administrative hearing: (148.2 hours for administrative hearing phase − 5.2 hours disallowed) * 50% reduction for limited success * $325 per hour = $23,237.50

District court: (10 hours + 15 hours) * $325 per hour = $8,125.00

Accordingly, the Court **GRANTS** the motion for attorney's fees under the IDEA and awards D.W. $ 31,362.50 in attorney's fees.

**IT IS SO ORDERED.**

Dated: 3/25/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge